Below is an Opinion of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re:                           ) Bankruptcy Case
                                 ) No. 14-31997-rld7
BARBARA ANN SANGER-MORALES,      )
                                 ) MEMORANDUM OPINION
            Debtor.              )

On October 7, 2015, I heard ("Hearing") debtor Barbara Ann Sanger-Morales' ("Debtor") motion to dismiss her reopened chapter 7[1] case ("Motion to Dismiss"). After discussion with Debtor's counsel, I took the matter under advisement.

Following the Hearing, I have reviewed my notes and have taken judicial notice of relevant entries on the docket and documents filed in the Debtor's main chapter 7 case for the purpose of confirming facts not reasonably in dispute. Federal Rule of Evidence 201; In re Butts, 350 B.R. 12, 14 n.1 (Bankr. E.D. Pa. 2006). In addition, I have reviewed the authority cited to me by Debtor's counsel and have considered other relevant authorities as located through my own research.

---

[1] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532.

Page 1 - MEMORANDUM OPINION

Based on that review and consideration, I will deny the Motion to Dismiss and close the Debtor's reopened chapter 7 case, and I will not vacate the discharge order entered in that case or alter or expunge the petition date. Following are my findings of fact and legal conclusions under Federal Rule of Civil Procedure 52(a), applicable with respect to this contested matter under Federal Rules of Bankruptcy Procedure 7052 and 9014.

## I. Relevant Facts

The Debtor filed her chapter 7 petition on April 9, 2014. In her schedules, the Debtor included a total of $47,498.64 of federal and state tax debt on her Schedule E, with $41,800.64 characterized as priority tax debt. In her Schedule F, the Debtor listed general unsecured claims totaling $100,446.76, including $18,539.94 of federal tax debt from 2010.

Her § 341(a) meeting of creditors was scheduled for June 2, 2014, and she attended and testified at the § 341(a) meeting. The chapter 7 trustee filed a "No Asset" report in the case on June 2, 2014, following the § 341(a) meeting. A discharge order was entered on September 19, 2014, and the case was closed.

On June 24, 2015, the Debtor filed a motion to reopen her bankruptcy case. Following a hearing, the court granted Debtor's motion to reopen. See Docket Nos. 22 and 25. On August 31, 2015, Debtor filed her Motion to Dismiss. See Docket No. 27. In her Motion to Dismiss, the Debtor moved to dismiss her chapter 7 case under § 707(a). She advised that her primary purpose in filing her bankruptcy case was to obtain a discharge of her federal and state tax debts. However, her counsel

Page 2 - MEMORANDUM OPINION

apparently miscalculated the appropriate date for filing the case to obtain a discharge of some of her priority tax debts and "filed the bankruptcy petition seven (7) days too early to discharge all of the tax debts under Section 523(a) of the Bankruptcy Code." Motion to Dismiss, Docket No. 27, at 1.  While § 707(a) provides that a bankruptcy court can dismiss a chapter 7 case "only for cause," Debtor argues that the Motion to Dismiss can be granted in the exercise of the court's discretion as a matter of equity.  Debtor further argues that the court should exercise its discretion and grant her Motion to Dismiss because she has acted in good faith throughout the case, did not unreasonably delay in filing her Motion to Dismiss and is not abusing the bankruptcy system.  In her Motion to Dismiss, Debtor cited United States v. McDaniel (In re McDaniel), 363 B.R. 239 (M.D. Fla. 2007), in support of her position.

  At the Hearing, Debtor's counsel advised that In re McDaniel was the only supporting authority that she had been able to find.  From the figures stated by Debtor's counsel at the Hearing, I can surmise the Debtor's discharge covers some but by no means all of the Debtor's federal and state priority tax debt.

  As noted above, following the Hearing, I took the matter under advisement, letting the Debtor and her counsel know that I would review the decision in In re McDaniel in light of other relevant authorities.

## II. Jurisdiction

  I have jurisdiction to decide the Motion to Dismiss under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (I) and (O).

## III. Analysis

  At the outset, I note that the Debtor's Motion to Dismiss is

Page 3 - MEMORANDUM OPINION

Case 14-31997-rld7    Doc 32    Filed 10/21/15

underinclusive in terms of the relief the Debtor is requesting: She wants her reopened chapter 7 case to be dismissed, but she also really wants the discharge order to be vacated and the petition date expunged so that she can refile for bankruptcy relief without being subject to the eight-year limit on obtaining subsequent chapter 7 discharges provided for in § 727(a)(8).

I also note that with general unsecured debt scheduled and presumably discharged in a total amount in excess of $100,000, it is disingenuous for the Debtor to imply that her only purpose in filing for chapter 7 relief was to obtain a discharge of her federal and state tax debts. However, with total tax debts scheduled in excess of $66,000 and with approximately $42,000 of those debts characterized as "priority," I can agree that obtaining a discharge of federal and state tax debts was "a" primary purpose of the Debtor's bankruptcy filing.

Section 707(a) provides:

> The court may dismiss a case under this chapter [7] only after notice and a hearing and **only for cause**, including
>     (1) unreasonable delay by the debtor that is prejudicial to creditors;
>     (2) nonpayment of any fees and charges required under chapter 123 of title 28; and
>     (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee. (Emphasis added.)

None of the particular "causes" identified in § 707(a) apply in this case.

However, the Debtor argues that "cause" is broader than the specifics included in § 707(a), and the court can apply equitable

Page 4 - MEMORANDUM OPINION

principles to grant the relief requested by the Debtor in this case. She cites United States v. McDaniel (In re McDaniel), 363 B.R. 239 (M.D. Fla. 2007), for that proposition.

In McDaniel, the debtor filed a chapter 7 petition to discharge $60,496 in general unsecured claims and over $324,000 in federal and state tax debt. Id. at 241-42. However, in filing her bankruptcy case, her counsel did not consider the time limits on discharging priority tax debt set forth in §§ 507(a)(8)(A) and 523(a)(1). Id. at 242. Consequently, the chapter 7 petition was filed too early to discharge all of the debtor's tax debts. Id.

The debtor filed an adversary proceeding, seeking a determination that all of her federal tax debts were dischargeable. Id. After her initial counsel in the bankruptcy proceedings withdrew, the debtor, through new counsel, filed motions to dismiss both the main case and the adversary proceeding voluntarily, although a discharge order already had been entered in the main case. Id. The United States opposed dismissal, arguing that "cause" had not been established for purposes of § 707(a). Id. at 243.

Applying equitable principles, the bankruptcy court balanced the best interests of the debtor against the prejudice to the United States and concluded that "the balance of the equities favored dismissal." Id. The district court affirmed, finding no abuse of discretion in the bankruptcy court's resort to equity to allow for dismissal when "modest prejudice is balanced against the conduct of [the debtor's] former attorney, her good faith, and her desire to obtain a fresh start." Id. at 246.

Notable in the district court's decision in McDaniel is its rejection of contrary authority from the Ninth Circuit Bankruptcy Appellate Panel ("BAP") in Leach v. United States (In re Leach), 130 B.R. 855 (9th Cir. BAP 1991). In its published Opinion in Leach, the BAP confirmed that, "[t]he bankruptcy court, as a court of law and a court of equity, may evaluate a voluntary motion to dismiss using both legal and equitable considerations." Id. at 856. In Leach, the Internal Revenue Service had assessed income taxes against the debtor within 240 days prior to his chapter 7 bankruptcy filing, making the tax debt nondischargeable under §§ 507(a)(8)(A) and 523(a)(1). Id. The debtor subsequently sought to dismiss his chapter 7 case voluntarily, arguing that 1) he had no pressing reason to file when he did, 2) his attorney "incorrectly advised him" as to the nondischargeability of his tax debts, and 3) his tax liabilities would have been dischargeable if only he had waited a few more months to file. Id. The debtor further advised that if his motion to dismiss were granted, he would refile for chapter 7 relief as soon as the 240-day priority period for his tax debt had expired. Id. The bankruptcy court denied his motion, concluding that the debtor had not established cause for dismissal under § 707(a). Id.

The BAP affirmed, based on Ninth Circuit precedent.

> The law in the Ninth Circuit is clear: a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no "legal prejudice" to interested parties. In re International Airport Inn Partnership, 517 F.2d 510, 512 (9th Cir. 1975) . . . .

Id. at 857. The BAP noted the United States' argument that dismissal in these circumstances would preclude it from further collection of the

Page 6 - MEMORANDUM OPINION

debtor's priority tax debt, and "this amounts to legal prejudice." Id. at n.4. The BAP further noted that "a creditor need only show plain legal prejudice, not significant legal prejudice." Id. at n.3.

The debtor argued that the bankruptcy court abused its discretion in denying his motion to dismiss as he had established cause as a matter of equity based on the following circumstances: 1) he had filed his bankruptcy petition too early based on bad advice of his counsel; 2) he had not acted fraudulently or in bad faith; 3) he had no assets; 4) he was a recovering alcoholic; and 5) denial of his motion to dismiss would effectively deny him his fresh start from his bankruptcy. Id. at 857. The bankruptcy court considered the debtor's equitable arguments but overruled them based on its determination that it would be inappropriate to grant his motion to dismiss in light of the legal prejudice that would result to the United States. Id. at 858. The BAP concluded that the bankruptcy court did not abuse its discretion in so deciding, and, indeed, would have abused its discretion if it had granted the debtor's motion to dismiss in such circumstances. Id. See Hammerer v. Internal Revenue Service, 18 B.R. 524, 525 (Bankr. E.D. Wis. 1982) ("[D]ismissal should be denied where the debtor's purpose is to file a new petition and in effect obtain an enlarged discharge, in violation of the limitations that Congress has placed on chapter 7 relief.") (citations omitted).

Ultimately, I find the authority of Leach more compelling than McDaniel. First, Leach represents authority from within the Ninth Circuit, based itself on Ninth Circuit authority, albeit from a Bankruptcy Act decision. McDaniel is authority from outside the Ninth

Page 7 - MEMORANDUM OPINION

Circuit. I am bound by Leach. See In re Tucker, 479 B.R. 873, 876 (Bankr. D. Or. 2012); In re Tong Seng Vue and Mai Yer Vue, 364 B.R. 767, 771-72 (Bankr. D. Or. 2007).

Second, a decision to dismiss Debtor's chapter 7 case, coupled with vacating the discharge order and expunging the chapter 7 petition filing, would prejudice state and federal revenue authorities in their tax collection efforts. If the Debtor refiles, she will effectively expand the scope of her discharge beyond the debts encompassed by the entered discharge order. Under § 502(b), the amounts and allowance of claims are determined "as of the date of the filing of the petition." Altering the petition date in a chapter 7 case cannot help but change the claims covered by the debtor's bankruptcy filing and potentially could change their legal characterization. In this case, legal prejudice to the revenue authorities inevitably would result from granting the relief the Debtor wants.

Finally, the Debtor has obtained a discharge of over $100,000 in general unsecured debts and at least a portion of her tax debts through the discharge order entered in her case. It is true that she will be left with some undischarged priority tax debt, but that unfortunate result does not trump the legal prejudice to the revenue authorities that will occur if I grant the Motion to Dismiss. In other words, I do not conclude that equity justifies granting Debtor's Motion to Dismiss in light of the prejudice that other interested parties will suffer.

Accordingly, I find that the Debtor has not established cause, as a matter of law or equity, to expunge her chapter 7 petition filing,

Page 8 - MEMORANDUM OPINION

vacate the discharge order and grant her Motion to Dismiss. I will enter an Order contemporaneous with this Memorandum Opinion denying the Motion to Dismiss and reclosing the Debtor's chapter 7 case.

Page 9 - MEMORANDUM OPINION